CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 14 2010

JULIA C. DUDLEY, CLERK
BY: /s/ J. Clatt
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER E. BROWN, | ) | |
|     Petitioner, | ) | Civil Action No. 7:10CV00170 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE JOHNSON, | ) | By: Hon. Glen E. Conrad |
|     Respondent. | ) | Chief United States District Judge |

On June 27, 2006, a jury in the City of Waynesboro convicted Christopher Edward Brown of possessing with intent to distribute methamphetamine, in violation of Virginia Code § 18.2-248. In accordance with the jury's verdict, the Circuit Court for the City of Waynesboro sentenced Brown to a term of imprisonment of 18 years. After having failed to obtain relief on direct appeal or in state post-conviction proceedings, Brown has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## Factual Background

Brown's conviction arose from events that followed a traffic stop for speeding in the City of Waynesboro on April 21, 2005. According to the testimony of Officer Todd Armentrout, the officer who performed the traffic stop, the driver of the vehicle stated that his name was "Cory Brown," and that he did not have his driver's license with him. Armentrout called in the vehicle's plate number to the police dispatcher, who verified that the truck belonged to Cory Brown, and that Cory Brown was properly licensed.

At that point, Officer Armentrout gave the driver a warning for speeding and asked whether the driver had any knives, guns, or drugs in the vehicle. The driver denied having such items and consented to a search of the vehicle.

Armentrout first searched the truck's glove compartment, where he found a device used for smoking marijuana. He then searched a brown and blue travel bag located in the front seat of the truck. In the travel bag, Armentrout found a hypodermic needle containing 50 cc's of fluid; a silver and red pipe; another small smoking device containing marijuana residue; a Crown Royal bag containing unused plastic bags; a Crown Royal bag containing three hypodermic needles filled with fluid; 25 unused hypodermic needles; a silver spoon containing residue; two small plastic bag corners containing a white rock-like substance; a set of digital scales; and twist ties.

After completing the search, Officer Armentrout questioned the driver about the items that were found in the vehicle. The driver indicated that one of the syringes contained methamphetamine and that he would use it to stay high for about a day. The driver claimed that the other items had been given to him to dispose of by a friend who was "trying to . . . get off of methamphetamine." (Trial Tr. at 64).

Armentrout confiscated the evidence and permitted the driver to leave the scene. The evidence was later sent to the Western Virginia Regional Laboratory for analysis. The laboratory analysis revealed that one of the plastic bag corners contained 1.4 grams of methamphetamine, and that the other plastic bag corner contained 0.15 grams of methamphetamine.

The officer later determined that the driver of the vehicle was not "Cory Brown," but the petitioner, Christopher Brown. When the certificate of analysis was returned from the state laboratory, an arrest warrant was issued for the petitioner.

2

## Procedural History

On November 14, 2005, a grand jury in the City of Waynesboro returned a one-count indictment against Brown, which charged him with possessing with intent to distribute methamphetamine. Brown later waived his right to a jury trial, and a bench trial was scheduled for March 13, 2006. On the date of trial, however, two of Brown's witnesses failed to appear. When defense counsel requested a continuance, the Commonwealth withdrew its consent to a bench trial and requested a jury trial. Although Brown's trial counsel opined that the request for a jury trial was "just a sign of vindictiveness on the part of the Commonwealth," (Trial Tr. at 6), counsel did not formally object to the Commonwealth's request.

A jury trial was held on June 27, 2006. At the close of the Commonwealth's case, Brown moved to strike the evidence on the basis that the evidence was insufficient to establish that Brown intended to distribute the methamphetamine. The trial court denied the motion and Brown presented his evidence. Brown's counsel did not renew the motion to strike at the conclusion of all the evidence.

The jury ultimately found Brown guilty of the offense charged in the indictment. In accordance with the jury's verdict, the Circuit Court sentenced Brown to a term of imprisonment of 18 years.

Brown appealed his conviction to the Court of Appeals of Virginia. On May 9, 2007, the Court of Appeals denied Brown's petition for appeal. Brown then filed a petition for appeal in the Supreme Court of Virginia. The petition for appeal was refused on March 14, 2008.

On March 9, 2009, Brown filed a petition for writ of habeas corpus in the Circuit Court for the City of Waynesboro. By order entered June 30, 2009, the petition was dismissed by the

Circuit Court. Brown appealed the dismissal of the petition to the Supreme Court of Virginia, and on March 26, 2010, the petition for appeal was refused.

Brown filed the instant petition on April 20, 2010. The petition asserts the following claims:

> I. Trial counsel provided ineffective assistance by failing to adequately investigate the validity of the officer's search, and by failing to move to suppress the evidence on the basis that the officer exceeded the scope of the petitioner's consent.
>
> II. Trial counsel provided ineffective assistance by failing to properly preserve the issue of whether the evidence was sufficient to prove an intent to distribute.
>
> III. The trial court abused its discretion by allowing the Commonwealth to request a jury trial after a bench trial had been scheduled.
>
> IV. The trial court erred in finding that the evidence was sufficient to demonstrate that the petitioner had the intent to distribute methamphetamine.

On June 14, 2010, the respondent moved to dismiss the petition for writ of habeas corpus. Pursuant to a Roseboro[1] notice issued on June 15, 2010, Brown had 21 days in which to file a response to the respondent's motion. The 21-day period has since expired and no response has been filed. The matter is now ripe for review.

## Standard of Review

A federal petitioner challenging a state conviction or sentence generally must exhaust remedies available in the state in which he was convicted before seeking federal habeas relief. 28 U.S.C. § 2254(b). To properly exhaust state remedies, the petitioner must fairly present the substance of his claims to the state's highest court. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). The purpose of this requirement is "to give the State the initial opportunity to

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

4

pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal citation and quotation marks omitted).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-732 (1991). This court cannot review the merits of a procedurally defaulted claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Harris v. Reed, 489 U.S. 255, 262 (1989).

When a claim has been adjudicated on the merits in state court, a federal court owes considerable deference to the state court's decision with respect to that claim. Pursuant to § 2254(d), this court may grant habeas relief on a claim that was adjudicated on the merits in state court only if the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

**Discussion**

I. Claim I

In Claim I, Brown contends that trial counsel failed to adequately investigate the validity of the search performed by Officer Armentrout, and that counsel should have moved to suppress the evidence found in the travel bag on the basis that the officer exceeded the scope of Brown's consent. To support this claim, Brown alleges that he told Officer Armentrout before the bag

5

was searched that the bag did not belong to him and, thus, that he revoked his consent to the search of the bag.

Brown raised the same claim in his state habeas petition. The state habeas court held that the claim failed to satisfy the two-part test for ineffective assistance enunciated in Strickland v. Washington, 466 U.S. 668 (1984). For the following reasons, the court concludes that the state habeas court's decision is entitled to deference under § 2254(d).

To succeed on a claim of ineffective assistance, a petitioner must establish that counsel's performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. The petitioner must also show that counsel's deficient performance prejudiced his defense. Id. To demonstrate prejudice, the petitioner generally "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

In rejecting Brown's claim of ineffective assistance, the state habeas court found that the record, including the trial transcript and the affidavit of trial counsel, revealed that Brown did not tell Officer Armentrout that the contents of the travel bag belonged to someone else until _after_ the officer had already searched the bag. Indeed, during Brown's first meeting with trial counsel, Brown provided a written statement in which he indicated that he did not disclaim ownership of the methamphetamine inside the travel bag until after the officer had searched the bag and discovered the methamphetamine. In light of Brown's written statement, the affidavit from trial counsel, and the trial transcript, the state habeas court found that Brown's allegation to the contrary was not supported by the record.

Given this finding, the state habeas court concluded that counsel had no legal basis to move to suppress the evidence seized from the travel bag and, thus, that Brown's claim failed to satisfy either prong of the Strickland test. The Court noted that even if the petitioner later revoked his consent to the search of the bag by disclaiming ownership of the bag's contents, the revocation had no retroactive effect on the validity of the officer's search. See, e.g., United States v. Jachimko, 19 F.3d 296, 299 (7th Cir. 1994) (holding that "where a suspect does not withdraw his valid consent to a search for illegal substances before they are discovered, the consent remains valid and the substances are admissible as evidence") (internal citation and quotation marks omitted); United States v. Paracha, 2004 U.S. Dist. LEXIS 16892, at *30 (S.D. N.Y. Aug. 24, 2004) (holding that a search and seizure were reasonable where the defendant "did not make an oral revocation until after completion of the search and the discovery of the evidence in dispute").

Having reviewed the record, the court agrees with the respondent that the state habeas court properly applied the Strickland test, and that the state habeas court's disposition of the claim did not involve an unreasonable determination of the facts. Accordingly, the state court's decision is entitled to deference under § 2254(d) and Claim I must be dismissed.

II.  Claim II

In Claim II, Brown alleges that trial counsel was ineffective for failing to preserve, for appeal, the issue of whether the evidence was sufficient to establish that Brown had the intent to distribute methamphetamine.[2] When Brown raised this claim in his state petition, the state

---

[2] Although trial counsel made a motion to strike the evidence at the conclusion of the Commonwealth's case, counsel failed to renew the motion after the defense's evidence.

7

habeas court held that the claim failed to satisfy the prejudice prong of Strickland. Specifically, the Court held that Brown failed to demonstrate that there was "a reasonable probability that had counsel preserved the sufficiency argument for appeal that the appellate court would have found as a matter of law that the evidence was insufficient to prove that the petitioner had the intent to distribute methamphetamine." (June 30, 2009 Opinion at 7-8). For the following reasons, the court agrees with the respondent that the state court's decision is entitled to deference under § 2254(d).

Under Virginia law, when the sufficiency of the evidence is challenged on appeal, "the appellate court must view the evidence in the light most favorable to the prevailing party at trial and consider any reasonable inferences from the facts proved." Viney v. Commonwealth, 609 S.E.2d 26, 28 (Va. 2005). The appellate court must affirm the judgment of the trial court unless the judgment is "plainly wrong or without evidence to support it." Id. at 28; see also Va. Code § 8.01-680. Under this standard, the appellate court does not "ask itself whether it believes that the evidence at trial establishes guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-319 (1979) (emphasis in original; internal citation omitted). Instead, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (emphasis in original).

Applying the foregoing principles, the court concludes that the jury's finding of an intent to distribute methamphetamine was supported by the evidence and, thus, that Brown's ineffective assistance claim fails under Strickland. As previously summarized, the Commonwealth presented evidence that Brown possessed two plastic bag corners containing methamphetamine, one weighing 1.4 grams and the other weighing 0.15 grams. In addition, the Commonwealth

presented evidence that Brown was in possession of items that are commonly used in the distribution of controlled substances, including scales, unused plastic bags, and twist ties. Although Brown told Officer Armentrout that he was a methamphetamine user, evidence that a defendant personally uses the controlled substance in question "does not conclusively refute a finding of intent to distribute." Dunbar v. Commonwealth, 512 S.E.2d 823, 827 (Va. 1999). Moreover, it is well-established that "[a]bsent a direct admission by the defendant, intent to distribute must necessarily be proved by circumstantial evidence." Williams v. Commonwealth, 677 S.E.2d 280, 282 (Va. 2009). In this regard, the Supreme Court of Virginia has held that the presence of equipment related to drug distribution is one of several factors that may constitute probative evidence of an intent to distribute a controlled substance. See McCain v. Commonwealth, 545 S.E.2d 541, 547 (Va. 2001).

Viewing the evidence in the light most favorable to the Commonwealth, the court concludes that any rational trier of fact could have found that Brown possessed the methamphetamine with the intent to distribute it and, thus, that counsel's failure to properly preserve this issue for appellate review did not prejudice Brown. Accordingly, Claim II must also be dismissed.[3]

III. Remaining Claims

In Claim III, Brown alleges that the trial court abused its discretion by allowing the Commonwealth to request a jury trial after a bench trial had been scheduled. In Claim IV, Brown

---

[3] As will be discussed infra, Claim IV, in which Brown challenges the sufficiency of the evidence to support his conviction, is procedurally barred from federal habeas review. However, even if the claim was not procedurally barred, it would nevertheless fail for the same reasons discussed with respect to Claim II.

9

alleges that the trial court erred in finding that the evidence was sufficient to demonstrate that he had the intent to distribute methamphetamine. Brown previously raised Claims III and IV on direct appeal. The Court of Appeals of Virginia held that the claims were barred by Virginia's contemporaneous objection rule,[4] because Brown failed to properly preserve the issues at trial.[5]

As the respondent explains in his motion to dismiss, the United States Court of Appeals for the Fourth Circuit has repeatedly held that Virginia's contemporaneous objection rule constitutes an adequate and independent state ground that precludes federal habeas review. See Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999). As a result, Brown's remaining claims are procedurally defaulted and may not be reviewed by this court "absent cause and prejudice or a miscarriage of justice to excuse the procedural default." Fisher v. Angelone, 163 F.3d 835, 853-854 (4th Cir. 1998). Because Brown has failed to make either showing, the court is precluded from considering these claims on the merits. Consequently, Claims III and IV are also subject to dismissal.

---

[4] See Va. Sup. Ct. R. 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."); see also Va. Sup. Ct. R. 5:25 ("Error will not be sustained to any ruling of the trial court . . . unless the objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice.").

[5] Because the Supreme Court of Virginia refused Brown's subsequent petition for appeal without explanation, it is appropriate for this court to infer that the Supreme Court's ruling was based on the same reasoning as that provided by the Court of Appeals. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (allowing federal courts to examine a lower state court's decision when the state's highest court rejects or denies the appeal of that decision without discussion or explanation).

## Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for respondent.

ENTER: This 13th day of October, 2010

_____
Chief United States District Judge